# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

C.J. STEWART, Register No. 182742,     )
                                         )

                    Plaintiff,       )

                                         )

                    v.           )         No. 07-4181-CV-C-NKL

                                         )

DAVID W. FREEMAN, et al.,        )

                                       )

                    Defendants.    )

## ORDER

On October 17, 2007, United States Magistrate Judge William A. Knox recommended that plaintiff's claims be dismissed. The parties were advised they could file written exceptions to the recommendation, pursuant to 28 U.S.C. § 636(b)(1)(C).

The court has conducted a de novo review of the record, including the exceptions filed by plaintiff on October 31, 2007. The cases plaintiff relies upon to support his claims were decided prior to the Supreme Court's opinion in Sandin v. Connor, 515 U.S. 472 (1995), and do not reflect the current state of the law with regard to discipline for prison conduct violations. The issues raised in plaintiff's exceptions were adequately addressed in the report and recommendation. The court is persuaded that the recommendation of the Magistrate Judge is correct and should be adopted.

Plaintiff titled his document as a "Motion to Amend the Complaint and Plaintiff's Exceptions to the Report and Recommendations," but did not identify the facts or claims that he wanted to amend. The court assumes plaintiff intended his amendment to include his statement that during his ten-day punishment, he was denied access to certain programs and privileges which he enjoyed while in general population.

The Due Process Clause itself does not provide an inherent right to remain in general population. Hewitt v. Helms, 459 U.S. 460, 468-69 (1983). Where an inmate alleges that he has a state-created liberty interest in freedom from disciplinary or administrative segregation, the appropriate inquiry was explained as follows in Sandin v. Connor, 515 U.S. 472 (1995).

[W]e recognize that states may under certain circumstances create liberty interests which are protected by the Due Process Clause. But these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

Id. at 483-84 (citations omitted).

The Eighth Circuit has upheld the following restrictions as not imposing "atypical and significant" deprivations. Freitas v. Ault, 109 F.3d 1335, 1338 (8th Cir. 1997) (ten days of administrative segregation and thirty days of on-call status); Kennedy v. Blankenship, 100 F.3d 640, 642-43 (8th Cir. 1996) (thirty days of "punitive isolation" instead of less-restrictive administrative segregation); Wycoff v. Nichols, 94 F.3d 1187, 1190 (8th Cir. 1996) (ten days of disciplinary detention and 100 days in maximum-security cell); and Moorman v. Thalacker, 83 F.3d 970, 973 (8th Cir. 1996) (fifteen days of highest level disciplinary detention and 107 days of less-restrictive disciplinary detention).

Here, plaintiff's confinement in disciplinary segregation is less restrictive than the deprivations upheld by the Eighth Circuit. Thus, his proposed amendment does not alter the outcome of this case.

Inmates who file an appeal with the United States Court of Appeals for the Eighth Circuit are required to pay the full $455.00 appellate filing fee, regardless of the outcome of the appeal. Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997). The filing of a notice of appeal is considered a consent by the inmate to allow prison officials to deduct an initial partial appellate filing fee and later installments from the prisoner's account.

On October 17, 2007, the court granted plaintiff leave to proceed in forma pauperis on a provisional basis, and by doing so, the court determined to forego the collection of the $350.00 filing fee established for civil cases. Plaintiff was warned that the court would collect the entire $350.00 filing fee if he filed another pleading in this case. See 28 U.S.C. § 1915(b)(2) (provisions for deducting money from prisoner's account). A review of plaintiff's financial documentation indicates that he is capable of paying an initial partial filing fee of $2.07.

IT IS, THEREFORE, ORDERED that plaintiff's initial partial filing fee is calculated at $2.07 and the Missouri Department of Corrections is directed to deduct from plaintiff's inmate

2

account, and forward to the court, the initial partial filing fee and installment payments, in accord with the provisions of 28 U.S.C. § 1915, until the $350.00 filing fee is paid in full.  It is further

ORDERED that the Report and Recommendation of October 17, 2007, is adopted.  [5]  It is further

ORDERED that plaintiff's motion of October 31, 2007, to amend his complaint, as identified above, is granted.  [6]  It is further

ORDERED that plaintiff's claims are dismissed, pursuant to the provisions of 28 U.S.C. § 1915A, for failure to state a claim for which relief can be granted..

/s/ 

NANETTE K. LAUGHREY
United States District Judge

Dated:  January 11, 2008
Jefferson City, Missouri

3